Shirley PANCIONE

v.

Anthony G. FRANCISCO et al., d/b/a George's Restaurant.

83–270–Appeal.

Supreme Court of Rhode Island.

Nov. 27, 1985.

Robert A. Shuman, Shuman & Ross, Providence, for plaintiff.

Stephen G. Linder, Providence, for defendant.

## OPINION

PER CURIAM.

This is a Superior Court negligence action in which the jury returned a verdict for the plaintiff and thereafter the trial justice granted the defendants' motion for a new trial. Hereafter we shall refer to the plaintiff by her last name and to the defendants by their last names and, where appropriate, by their first names.

On March 4, 1977, a large crowd gathered in Johnston at the 1025 Club to be present at a testimonial dinner honoring Johnston's mayor. At a table for ten could be found five couples, including the Franciscos and the Panciones. Sometime around midnight the five couples left the 1025 Club and traveled to George's Restaurant, which at that time was also situated in Johnston. The restaurant was owned by the Franciscos.

Sometime later Pancione left the group and went from the bar-and-restaurant area to an area where the restrooms were located. As Pancione opened the door to step from the restaurant area down into the restroom area, she lost her footing and fell to the floor. In falling, she fractured her hip and has since undergone two hip-re-placement operations. No one disputes that she is permanently disabled from this mishap.

What was in dispute at the trial was the amount of liquor Pancione had imbibed from the time she entered the 1025 Club until she fell as well as the lighting conditions in the restaurant's step-down area and the presence or absence of a sign warning one to step down.

Pancione testified that she had had one "VO and water" at the testimonial and had enjoyed a few sips of a second drink at the restaurant. Her testimony was that the lighting in the area where she fell down was almost nonexistent. She told the jury that no signs or railings were posted near the step, but she did concede that she had traveled in this area several times earlier and had successfully maneuvered herself down the step to use a nearby telephone.

Pancione's husband supported his wife's testimony concerning the one drink at the testimonial, emphasizing that the crowd had been so large that it had been impossible for the waitresses to serve the table of ten repeatedly. In fact, he said, the five males left their escorts and "went to a side bar and had one by ourselves."

Shirley Ann Francisco told the jury that Pancione had had five drinks at the testimonial. She based her computation upon the fact that five couples had sat at the table and that each male had bought a round of drinks. In her testimony Shirley insisted that the area where the fall occurred had been well lit and that a step-down sign had been at that location ever since George's had first opened for business. Various other witnesses testified in support of the respective litigants.

The trial justice, in granting the motion for a new trial, determined that the Franciscos were negligent in failing adequately to illuminate the step, which he described as half the size of a normal one, and in not giving sufficient warning to the patrons concerning the presence of the step. However, the trial justice was of the belief that Pancione's negligence was the primary

cause of her fall. He emphasized that Pancione had conceded that she knew the step was there. The trial justice then drew the inference that Pancione had not been paying attention as she made her way down the step, and he combined her inattention with her inebriation. Thus, he reasoned that the Franciscos' failure to have a sign was of no major consequence.

This court has consistently emphasized that in considering a motion for a new trial, the trial justice independently reviews all material evidence in the light of the charge to the jury, passes upon the weight of the evidence, and assesses the credibility of witnesses. If the trial justice then determines that the evidence and the reasonable inferences to be drawn therefrom are so nearly balanced that reasonable persons could arrive at different results in deciding the case, a new-trial motion must be denied; but if the trial justice concludes that the jury verdict is against the fair preponderance of the evidence, a new trial must be granted. *Fiske v. MacGregor*, 464 A.2d 719, 723 (R.I.1983).

Here the record clearly indicates that the trial justice independently assessed the credibility of the witnesses and considered all of the relevant evidence. The trial justice's conclusion as to Pancione's inebriation was based upon a notation found in the record maintained at Roger Williams General Hospital's emergency room which indicated that Pancione "Fell in restaurant tonight. Was drinking 5 alcoholic drinks." The trial justice, expressing the belief that this information came from Mr. Pancione, commented: "[Pancione's] husband * * * knew how many drinks she had and it was important to tell the truth at that time because the people in the emergency room wanted to know for the purpose of medication." In taking on the role of factfinder, the trial justice was well warranted in reaching the conclusion that he did from this information. Our examina-

tion of the record indicates no misconception or overlooking of material evidence in the grant of the new trial, nor was the trial justice clearly wrong in taking the action that he did.

Accordingly, Pancione's appeal is denied and dismissed, the order appealed from is affirmed, and the case is remanded to the Superior Court for a new trial.[1]

BEVILACQUA, C.J., did not participate.

---

**1.** Pancione's contention that because of the statutory doctrine of comparative negligence the trial justice did not have the authority to order a

new trial was rejected by our holding in *Cotrona v. Johnson & Wales College*, 501 A.2d 728, No. 83–92–A. (R.I., filed Nov. 27, 1985).